In The 



Court of Appeals



Ninth District of Texas at Beaumont



________________



NO. 09-09-00056-CV


 _____________________



CITY OF PORT ARTHUR, Appellant



V.



PLEASURE ISLAND MARINER'S COVE HOMEOWNERS 


ASSOCIATION INC., ET AL., Appellees


 





On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-176,606







MEMORANDUM OPINION

 On February 26, 2009, this Court questioned our jurisdiction over the appeal and
instructed the parties to file written responses. One of the appellees, William Worsham, filed
a response in which he contends no final order or appealable interlocutory order has been
signed. The appellant amended its notice of appeal and has filed a "motion for jurisdictional
determination." 

 A judgment is not final "unless it actually disposes of every pending claim and party
or unless it clearly and unequivocally states that it finally disposes of all claims and all
parties." Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). The trial court held
a hearing at which no evidence was taken, but has not conducted a conventional trial on the
merits. Worsham filed a suit for declaratory judgment and injunctive relief against the City
of Port Arthur and the Pleasure Island Commission. The record reflects Worsham resolved
his claims against the Commission, other than his claim for attorneys' fees. The order
entered on the agreement between Worsham and the Commission makes certain findings
regarding the City, but some of Worsham's claims against the City have not been resolved
by this order or by any of the trial court's orders on motions for summary judgment. The
orders identified by the parties do not dispose of the request for affirmative relief filed by an
intervening party, Diana Morris. Some of the parties' requests for attorneys' fees have not
been resolved by written order. The trial court did not conduct a conventional trial on the
merits and did not rule on all of the claims before the court. The order does not contain clear
and unequivocal language of finality. No final judgment has been signed; accordingly, this
Court lacks jurisdiction over the appeal. The appeal is therefore dismissed. See Tex. R. App.
P. 43.2(f). 

 APPEAL DISMISSED.

 PER CURIAM

Opinion Delivered April 23, 2009


Before Gaultney, Kreger, and Horton, JJ.